FILED

2011 Jul-28  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | |
|---|---|
| **CARL JONES,**  ] | |
| ] | |
| **Plaintiff,**  ] | |
| ] | |
| **v.**  ] | |
| ] | **CV-11-BE-0054-S** |
| **21ˢᵗ CENTURY MORTGAGE, INC.**  ] | |
| ] | |
| **Defendant.**  ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's "Motion to Dismiss" (doc. 10), requesting that this court dismiss the federal claims, and "Plaintiff's Motion to Remand and Memorandum of Law" (doc. 11).  For the reasons stated below, this court finds that both of these motions are due to be granted.

### Motion to Dismiss

In this motion, Plaintiff requests that the court dismiss Count Five, asserting a claim for alleged violations of the Fair Credit Reporting Act, and Count Six, asserting a claim for alleged violations of the Equal Credit Opportunity Act.  These claims are the only federal claims asserted.   The remaining claims are all brought under Alabama state law: Count One, alleging fraud; Count Two, alleging "deceit/bait and switch;" Count Three, alleging breach of contract; and Count Four, alleging wantonness and negligence.  Defendant has asserted no counterclaim.

The court FINDS that the motion to dismiss is due to be granted and that Counts Five and

Six are due to be DISMISSED.

<u>Motion to Remand</u>

In light of the court's ruling above, finding that the federal claims are due to be dismissed, the only claims that remain are state law claims.  Because no federal claims remain, Plaintiff's next motion requests that the court remand the case to the District Court of Jefferson County, Alabama.

The statute authorizing supplemental jurisdiction over state law claims, 28 U.S.C. § 1367(c)(3), provides that a district court "may decline to exercise supplemental jurisdiction over a claim if . . .the district court has dismissed all claims over which it had original jurisdiction." This statute "does not mean that the jurisdiction *must* be exercised in all cases."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997).  Rather, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *Id.*  (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S.  715, 726 (1966).  Because of this court's decision to dismiss all federal claims, as Plaintiff requested, this statute would thus authorize this court, in its discretion, to decline to exercise supplemental jurisdiction over the remaining claims in Counts One through Four.

In determining whether to exercise supplemental jurisdiction, the court should consider "'the circumstances of the particular case, the nature of the state law claims, the character governing the state law, and the relationship between the state and federal claims," as well as "'the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago*, 522 U.S. at 156 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the

federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Cohill*, 484 U.S. at 350; *see Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Thus, the Eleventh Circuit has "encouraged [the district court] to remand remaining state claims when all the federal claims in the case have been eliminated prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

In the instant case, the court has dismissed the federal law claims and only state law claims remain. The case is at this early stage of the litigation, having not yet reached the summary judgment stage, and, indeed, these motions are the first this court has addressed. Having weighed the factors set forth in the decisions of *City of Chicago* and *Cohill*, the court finds that the balance of those factors indicates that the case properly belongs in state court. Therefore, the court, in its discretion, will DECLINE to exercise supplemental jurisdiction over the remaining state law claims, and, thus, finds that the motion to remand is due to GRANTED.

Dated this 28th day of July, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

3